JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

Amro Elansari
901 W. Chester Pike

**(b)**  County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Amro Elansar, Pro Se

## DEFENDANTS

City of Philadelphia
One Parkway Building

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Matthew K. Hubbard
1515 Arch Street, 14th Floor

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
Plaintiff
- ☒ 3   Federal Question
*(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
Defendant
- ☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
Plaintiff alleges Federal Civil Rights violation 42 U.S.C. Section 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE  2/18/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Amro Elansari, 901 W. Chester Pike, Westchester, PA 19392 _____

Address of Defendant: City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/12/2020 _____ 44110

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMRO ELANSARI,** | : | **COURT OF COMMON PLEAS** |
| | | **CIVIL TRIAL DIVISION** |
| **PLAINTIFF** | : | |
| **VS.** | : | |
| **SHAY O. RAMIREZ, PHILADELPHIA POLICE,** | : | |
| **NASHID AKIL (INDIVIDUAL CAPACITY),** | : | |
| **TODD LANDHERR (INDIVIDUAL CAPACITY),** | : | |
| **OFFICER WHITE (INDV. CAPACITY) AND** | : | |
| **OFFICER SULPIZIO (INDV. CAPACITY, AND 3** | : | |
| **OTHER UNNAMED PHILADELPHIA POLICE** | : | |
| **PERSONNEL.** | : | **JANUARY TERM, 2020** |
| | | **No. 2055** |

## CERTIFICATE OF SERVICE

**CASE MANAGEMENT TRACK DESIGNATION FORM**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through § 2255.  ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
exposure to asbestos.  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)  ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  ( X )

2-18-2020    _Matthew K. Hubbard_    Defendants _____

Date    **Matthew Hubbard, Esq.**    Attorney for

(215) 683-5391    (215) 683-5397    **matthew.hubbard@phila.gov**

Telephone    FAX Number    E-mail Address

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI, | : | **COURT OF COMMON PLEAS** |
| **PLAINTIFF** | : | **CIVIL TRIAL DIVISION** |
| VS. | : | |
| SHAY O. RAMIREZ, PHILADELPHIA POLICE, | : | |
| NASHID AKIL (INDIVIDUAL CAPACITY), | : | |
| TODD LANDHERR (INDIVIDUAL CAPACITY), | : | |
| OFFICER WHITE (INDV. CAPACITY) AND | : | |
| OFFICER SULPIZIO (INDV. CAPACITY, AND 3 | : | |
| OTHER UNNAMED PHILADELPHIA POLICE | : | |
| PERSONNEL. | : | **JANUARY TERM, 2020**<br>**No. 2055** |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, PO Joseph Sulpizio, Lt. Todd Landherr, Capt. Nashid Akil and PO Jamie White, (hereinafter "petitioners") through their counsel, Matthew Hubbard, Senior Attorney, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendant states the following:

1.    In January, 2020, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, January Term, 2020; No. 2055.  (Exhibit A - Complaint).

2.  On February 6, 2020 said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3. Plaintiff alleges that he sustained damages when his civil rights were violated by the defendants. (Exhibit A ).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983. (Exhibit A)

**Wherefore,** petitioners, PO Joseph Sulpizio, Lt. Todd Landherr, Capt. Nashid Akil and PO Jamie White, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MATTHEW HUBBARD**
**SENIOR ATTORNEY**
**Attorney I.D. No. 44110**
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5391

Date: 2-18-2020

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI, | : | **COURT OF COMMON PLEAS** |
| | | **CIVIL TRIAL DIVISION** |
| PLAINTIFF | : | |
| VS. | : | |
| SHAY O. RAMIREZ, PHILADELPHIA POLICE, | : | |
| NASHID AKIL (INDIVIDUAL CAPACITY), | : | |
| TODD LANDHERR (INDIVIDUAL CAPACITY), | : | |
| OFFICER WHITE (INDV. CAPACITY) AND | : | |
| OFFICER SULPIZIO (INDV. CAPACITY, AND 3 | : | |
| OTHER UNNAMED PHILADELPHIA POLICE | : | |
| PERSONNEL. | : | **JANUARY TERM, 2020** |
| | | **No. 2055** |

## NOTICE OF FILING OF REMOVAL

TO:     Amro Elansari, Pro Se
         901 W. Chester Pike
         Westchester, PA  19392

   PLEASE TAKE NOTICE THAT on February 18, 2020, defendant, PO Joseph Sulpizio, Lt. Todd Landherr, Capt. Nashid Akil and PO Jamie White filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

  A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**MATTHEW HUBBARD**
**SENIOR ATTORNEY**
**Attorney I.D. No. 44110**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5391

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI, | : | **COURT OF COMMON PLEAS** |
| **PLAINTIFF** | : | **CIVIL TRIAL DIVISION** |
| VS. | : | |
| SHAY O. RAMIREZ, PHILADELPHIA POLICE, | : | |
| NASHID AKIL (INDIVIDUAL CAPACITY), | : | |
| TODD LANDHERR (INDIVIDUAL CAPACITY), | : | |
| OFFICER WHITE (INDV. CAPACITY) AND | : | |
| OFFICER SULPIZIO (INDV. CAPACITY, AND 3 | : | |
| OTHER UNNAMED PHILADELPHIA POLICE | : | |
| PERSONNEL. | : | **JANUARY TERM, 2020** |
| | | **No. 2055** |

## CERTIFICATE OF SERVICE

I, Matthew Hubbard, Senior Attorney, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:    Amro Elansari, Pro Se
        901 W. Chester Pike
        Westchester, PA  19392

**MATTHEW HUBBARD**
**Senior Attorney**
**Attorney ID No. 44110**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5391

Date: *2/18/2020*

Exhibit "A"

IN THE COURT OF COMMON PLEAS

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

---

AMRO ELANSARI,                                    :

    PLAINTIFF                                     :

       VS.                                        :          CASE NO:

SHAY O. RAMIREZ, PHILADELPHIA POLICE, :

NASHID AKIL (INDIVIDUAL CAPACITY),      :          OO2O55

TODD LANDHERR (INDIVIDUAL CAPACITY):

OFFICER WHITE (INDV. CAPACITY) AND      :

OFFICER SULPIZIO (INDV. CAPACITY, AND 3 :

OTHER UNNAMED PHILADELPHIA POLICE  :

PERSONNEL.                                        :

---

## COMPLAINT AT LAW AND IN EQUITY

AND NOW, comes the Plaintiff, Amro Elansari, by and through himself, *pro-se*, to file the

instant complaint and in support thereof avers as follows:

## INTRODUCTION

1. This case is initiated by the Plaintiff against the Defendant for - the destruction of his property

through the hijacking and alteration of his website by the Lead Plaintiff, Shay O. Ramirez, a 3rd

degree felony under PA C.S. 7611 and 7611, and the failure to protect the Plaintiff from further

damage / harm by the Philadelphia Police who, instead of filing a simple police report of the matter to send to the Eugene, Oregon Police Department to prosecute this individual for violation both Pennsylvania and Oregon Law for feloniously hijacking a website for business / altering computer network as in the case of the Plaintiff constituting a failure to protect creating harm to the Plaintiff in the form of the continued felonious hijacking of their website by the Lead Defendant in this matter which the individual officers responsible for this ommission are responsible for individually under the doctrine of state-created danger and no immunity applies in this case of individual liability. Plaintiff is seeking not only a restoration to their property and damages in this case as well as injunctive relief ordering the Philadelphia Police to conform to the Rule of Law and the Lead Defendant to restore the property that the admittedly and intentionally damaged - but also significant consideration into the cybersecurity practices of the Philadelphia Police organization and the substantial amount of risk they leave members of society with their failure to take cybersecurity seriously. This litigation raises questions in each of these areas and a trial by jury is strictly demanded.

## PARTIES

2. PLAINTIFF - Amro Elansari - address at REDACTED

3. Shay O. Ramirez - address described as Eugene, Oregon. (Picture / Identification Attached) Found to be working for CMS Crowd Services in Eugene, Oregon most recently.

4. Philadelphia Police - located at 750 Race Street, Philadelphia, PA 19106

5. Nashid Akil - Individual Capacity - Captain of 22nd District located at 1747 N. 17th Street Philadelphia, PA 19121.

6. Todd Landherr - Individual Capacity - Lieutenant in 22nd District located at 1747 N. 17th Street, Philadelphia, PA 19121

7. Officer White - Individual Capacity - Lieutenant in 22nd District located at 1747 N. 17th Street, Philadelphia, PA 19121

8. Officer Joe Sopizio - Individual Capacity - Lieutenant in 22nd District located at 1747 N. 17th Street, Philadelphia, PA 19121

9. 3 Other Unnamed Philadelphia Police Personnel associated for the mishandling of this complained of matter in this case - headquartered at 750 Race Street, Philadelphia, PA 19106

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 42 Pa. C.S. § 931 (a).

6. Venue is proper in Philadelphia County because Philadelphia County is where the transaction / business between the Plaintiff and Defendants took place.

## STATEMENT OF FACT

7. Plaintiff - a content writer - exclusive owner of 420Scape.com and the business of the 420 Scape (.com) business organization - expands their corporation into the profitable field of online gaming by purchasing the rights to the website domain 420Scape.com in order to present a parody video game based website that would be enjoyable to audiences interested in this category. Plaintiff is the sole owner of 420Scape.com. Plaintiff invested a considerable amount of time, effort, and money producing and designing files to present the game which was made available for testing as of November 2019. The concept of the business would be to make it free for people to play with an option to pay to access bonus features - similar to other business models in the field.

8. Defendant - Shay O. Ramirez - admittedly and intentionally - modified / altered / destroyed

the functionality / operationality of the website and its contents without authorization / in the

excess of their authorization as described by the felony criminal statute PA C.S 7611 and 7612

which state - 7611. Unlawful use of computer and other computer crimes.

7612. Disruption of service.
§ 7611. **Unlawful use of computer and other computer crimes.**
(a) **Offense defined.**—A person commits the offense of unlawful use of a computer if he:
(1) accesses or exceeds authorization to access, alters, damages or destroys any computer, computer system,
computer network, computer software, computer program, computer database, World Wide Web site or
telecommunication device or any part thereof with the intent to interrupt the normal functioning of a person or to
devise or execute any scheme or artifice to defraud or deceive or control property or services by means of false or
fraudulent pretenses, representations or promises;
(2) intentionally and without authorization accesses or exceeds authorization to access, alters, interferes with the
operation of, damages or destroys any computer, computer system, computer network, computer software, computer
program, computer database, World Wide Web site or telecommunication device or any part thereof; or
(3) intentionally or knowingly and without authorization gives or publishes a password, identifying code, personal
identification number or other confidential information about a computer, computer system, computer network,
computer database, World Wide Web site or telecommunication device.
(b) **Grading.**—An offense under this section shall constitute a felony of the third degree.
(c) **Prosecution not prohibited.**--Prosecution for an offense under this section shall not prohibit prosecution under
any other section of this title.

**Cross References.** Section 7611 is referred to in section 7603 of this title.
§ 7612. **Disruption of service.**
(a) **Offense defined.**—A person commits an offense if he intentionally or knowingly engages in a scheme or
artifice, including, but not limited to, a denial of service attack upon any computer, computer system, computer
network, computer software, computer program, computer database, World Wide Web site or
telecommunication device or any part thereof that is designed to block, impede or deny the access of information or
initiation or completion of any sale or transaction by users of that computer, computer system, computer network,
computer software, computer program, computer server or database or any part thereof.
(b) **Grading.**—An offense under this section shall constitute a felony of the third degree.

Lead Defendant committed above referenced felony acts against the Plaintiff as admitted in their

message admitting that they - themselves - went ahead and wiped the VPS / VPN server hosting

the game files and website contents - without authorization - in a willful and intentional attempt

to destroy the property of the Plaintiff.

9. Plaintiff filed a report with the Eugene Police Department which instructed the Plaintiff to file

a report with their local police department and have it faxed over to their department to pursue

the Defendant. Plaintiff went to the Philadelphia Police Department 22nd District via email to

Nashid Akil who informed them to file the report in person with the 22nd District or any district.

Plaintiff filed the report in the 6th District with a very hasty officer who seemed uninterested in

the case and labeled the case as an ASSAULT - then - the case went to the 22nd District where

Officer Sopizio informed the Plaintiff that it was going to be sent to the Detectives Unit for sure -

the Detectives Unit responded that they "didn't get paid enough for (computer crimes) and to go

back to the 22nd District - the next day Officer White said that the Plaintiff would have to file a

private criminal complaint for these felony acts - and Todd Landherr informs Plaintiff that this -

"theft of $10 was too small and should be filed in a private criminal complaint" - thereby

demonstrating the incompetence - ineptitude - lack of consideration - negligence - failure to

protect - and state created danger causing harm to the Plaintiff in the form of the continued

hijacking of their website / company / brand name - its identity and publications - which is a

felony to the third degree.

9. Each of the above named individuals is responsible for their role and contribution of damage

to the Plaintiff in this matter under all applicable and relevant state and federal tort law. Plaintiff

is seeking all relevant and applicable compensatory and punitive damages as well as injunctive

relief ordering the Philadelphia Police to comply with the Rule of Law and the Lead Defendant

to restore the property they intentionally damaged.

10. Liability exists for the Philadelphia Police Personnel involved in this matter in their

individual capacity under relevant state / federal tort law for failure to protect - state created

danger - which is described as follows -

**Civil Liability**

Can a person file suit against an officer, claiming failure to protect for injury sustained because of the officer's inaction? According to the U.S. court system, due process clauses guaranteed in the Fifth and Fourteenth amendments allow a civil lawsuit under two doctrines: special relationship and state-created danger.

**Special Relationship**

This exists when the state takes control of a person in such a manner that a requirement to protect exists. Examples of this include a prisoner or state-committed mental patient. Any entity taking control of another person must protect that person against reasonable or foreseeable dangers. (not relevant to this case)

**State-Created Danger**

This situation occurs when a person receives injuries because an employee of the state, a police officer, for example, acted incorrectly or because the officer failed to act in an obviously dangerous situation. Failure to protect a person does not always violate the due process guaranteed in the Constitution; however, it does violate it when the state **creates a dangerous situation or unnecessarily exposes a person to risk he or she would not have faced otherwise.**

**Put differently, if an officer intervenes, and that intervention exposes another person to danger they would not have otherwise faced, they may face liability. The same liability exists when a person is put in danger by a failure to act.**

Plaintiff is able to bring this suit under 42 U.S.C. §1983[1]

## COUNT 1

## FELONIUS INTENTIONAL DAMAGE TO PROPERTY - GROSS NEGLIGENCE

11. Paragraphs 1-10 are hereby realleged and incorporated by reference as if fully set forth herein.

12. Lead Defendant - Shay O. Ramirez - by and through their felonious actions evidenced in the exhibits attached to this Complaint - damaged the property of the Plaintiff intentionally with reckless disregard to the law.

---

[1] 42 U.S.C. §1983 - Civil Action For Deprivation Of Rights - Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

15. Lead Defendants owed a duty of care to Plaintiff to ensure compliance with the law and this duty of care was broken with their intentional hijacking of the Plaintiff's computer network and destruction of the contents therein.

16. Lead Defendant is shown intentionally and willfully attempting to harm the Plaintiff with a specific attitude that they will not be held accountable at law. They even go further to threaten the Plaintiff with further hacking / hijacking actions.

17. Some or all of the acts and / or omissions of the Defendants were grossly, recklessly and wantonly negligent, and were done with utter disregard for the consequences to Plaintiff, and therefore Plaintiff is entitled to an award of punitive damages as well.

18. Defendants, by reason of its negligence, are liable for all of the damages and injuries to Plaintiffs proximately caused loss of property that has taken place in this matter.

19. Plaintiff in no way contributed to the damages and injuries they have sustained.

20. Defendants, by reason of its negligence, are liable for all of the damages and injuries to Plaintiffs proximately caused loss of property that has taken place in this matter.

## COUNT II

## FAILURE TO PROTECT - STATE CREATED DANGER RESULTING IN DAMAGES

21. Paragraphs 1-20 are hereby realleged and incorporated by reference as if fully set forth herein.

22. Philadelphia Police Defendants, including their officers, agents, and / or employees, refused to listen to the Plaintiff at any stage of their interaction (1) the officer was too busy / in a hurry to continue sitting behind a desk (2) the Officers at the 22nd District had the attitude of "keep them running around" without even asking for evidence (that was already emailed to the Department

Captain - Nashid Akil - and informed by Todd Landherr that their "$10 theft case was not going to be processed - seek a private criminal complaint instead". The Philadelphia Police Department - by and through the gross negligence of its agents - subject / continue to subject the Plaintiff / their business / organization / reputation to further harm in the form of the continued hijacking of their website / brand / intellectual property which is a felony in the third degree - contrary to the quote of Todd Landherr. Officers in this matter are strictly liable for the damages caused - including an entire month of additional hijacking that did not need to take place. Plaintiff is demanding all necessary and applicable compensatory and punitive damages applicable in this case.

23. Defendants acts and/or omissions mentioned herein were the direct and proximate cause of the damages and injuries to Plaintiff alleged herein.

24. Some or all of the acts and / or omissions of the Defendants were grossly, recklessly and wantonly negligent, and were done with utter disregard for the consequences to Plaintiff, and therefore Plaintiff is entitled to an award of punitive damages as well.

25. Plaintiff in no way contributed to the damages and injuries they have sustained.

26. Defendants, by reason of its negligence, are liable for all of the damages and injuries to Plaintiffs proximately caused loss of property that has taken place in this matter.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands a trial by jury and a Judgment in favor of the Plaintiff as follows:

**Pertaining To COUNT I**

1. COMPENSATORY DAMAGES - equal to the amount of the property that was lost / stolen / damaged as a result of the Defendant's actions / ommissions in the amount of (ongoing)

2. PUNITIVE DAMAGES - equal to three times the amount of the property that was lost / stolen / damaged as a result of the Defendant's actions / ommissions in the amount of (ongoing)

3. INJUNCTIVE / EQUITABLE RELIEF - in the form of a Court Order ORDERING the Defendant(s) to return any / all property of the Plaintiff still existing in the possession of the Defendants.

4. ANY AND ALL OTHER APPLICABLE RELIEF.

**Pertaining To COUNT II**

1. COMPENSATORY DAMAGES - equal to the amount of the property that was lost / stolen / damaged as a result of the Defendant's actions / ommissions in the amount of (ongoing)

2. PUNITIVE DAMAGES - equal to three times the amount of the property that was lost / stolen / damaged as a result of the Defendant's actions / ommissions in the amount of (ongoing)

3. INJUNCTIVE / EQUITABLE RELIEF - in the form of a Court Order ORDERING the Defendant(s) to comply with the rule of law

4. ANY AND ALL OTHER APPLICABLE RELIEF - including a restructuring of cyber security policy practiced by the Philadelphia Police Department -

Respectfully Submitted,

January 17, 2020

_____
Amro Elansari
Liberty And Justice For All

IN THE COURT OF COMMON PLEAS
COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

AMRO ELANSARI,
PLAINTIFF
VS.

:
:
:    CASE NO: 002055

SHAY O. RAMIREZ, PHILADELPHIA POLICE,  :
NASHID AKIL (INDIVIDUAL CAPACITY),          :
TODD LANDHERR (INDIVIDUAL CAPACITY):
OFFICER WHITE (INDV. CAPACITY) AND       :
OFFICER SULPIZIO (INDV. CAPACITY, AND 3:
OTHER UNNAMED PHILADELPHIA POLICE       :
PERSONNEL.                                                      :

---

## CERTIFICATE OF SERVICE

I hereby certify that the accompanying Complaint At Law And In Equity has been served upon

the following Defendants via first class certified mail on this 17th date of January, 2020:

Shay O. Ramirez

120 Cleveland St. Suite #7b

Eugene, OR 97402

Philadelphia Police

750 Race Street

Philadelphia, PA 19106

Nashid Akil

1747 N. 17th Street

Philadelphia, PA 19121

Todd Landherr

1747 N. 17th Street

Philadelphia, PA 19121

Officer White

1747 N. 17th Street

Philadelphia, PA 19121

Officer Joe Sopozio

1747 N. 17th Street

Philadelphia, PA 19121

3 unnamed Philadelphia Police Personnel

750 Race Street

Philadelphia, PA 19106

Respectfully Submitted,

January 17, 2020

Amro Elansari

Liberty And Justice For All

IN THE COURT OF COMMON PLEAS

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

   

**checkmeowt** Today at 8:46 PM
good luck to you

**checkmeowt** Today at 8:46 PM
i just wiped your whole vps.

**The420Streamer** Today at 8:47 PM
i have the self file form

**The420Streamer** Today at 8:47 PM
for Oregon Lane County

Jump





**checkmeowt** Yesterday at 9:07 PM
I tell you what. If i ever hear from you again



**The420Streamer** Yesterday at 9:07 PM
and local court can have your local info
and when i bring up threats / crime



**checkmeowt** Yesterday at 9:07 PM
Ill make sure you dont have to worry about this



**The420Streamer** Yesterday at 9:07 PM
police can look into it too



**checkmeowt** Yesterday at 9:07 PM
by never waking up
how about that?

**The420Streamer** Yesterday at 9:07 PM
so youre threatening

**checkmeowt** Yesterday at 9:08 PM
im telling you, if you dont block me
and leave me alone





7611.  Unlawful use of computer and other computer crimes.

7612.  Disruption of service.

**§ 7611.  Unlawful use of computer and other computer crimes.**

**(a)  Offense defined.--**A person commits the offense of unlawful use of a computer if he:

(1)  accesses or exceeds authorization to access, alters, damages or destroys any computer, computer system, computer network, computer software, computer program, computer database, World Wide Web site or telecommunication device or any part thereof with the intent to interrupt the normal functioning of a person or to devise or execute any scheme or artifice to defraud or deceive or control property or services by means of false or fraudulent pretenses, representations or promises;

(2)  intentionally and without authorization accesses or exceeds authorization to access, alters, interferes with the operation of, damages or destroys any computer, computer system, computer network, computer software, computer program, computer database, World Wide Web site or telecommunication device or any part thereof; or

(3)  intentionally or knowingly and without authorization gives or publishes a password, identifying code, personal identification number or other confidential information about a computer, computer system, computer network, computer database, World Wide Web site or telecommunication device.

**(b)  Grading.--**An offense under this section shall constitute a felony of the third degree.

**(c)  Prosecution not prohibited.--**Prosecution for an offense under this section shall not prohibit prosecution under any other section of this title.

**Cross References.**  Section 7611 is referred to in section 7603 of this title.

**§ 7612.  Disruption of service.**

**(a)  Offense defined.--**A person commits an offense if he intentionally or knowingly engages in a scheme or artifice, including, but not limited to, a denial of service attack upon any computer, computer system, computer network, computer software, computer program, computer server, computer database, World Wide Web site or telecommunication device or any part thereof that is designed to block, impede or deny the access of information or initiation or completion of any sale or transaction by users of that computer, computer system, computer network, computer software, computer program, computer server or database or any part thereof.

**(b)  Grading.--**An offense under this section shall constitute a felony of the third degree.

---

I need charges filed against Shay O. Ramirez for those two crimes mentioned above - and I am attaching all relevant evidence to this email

Your officers have this listed as an assault despite me telling them numerous times that this is not - I have never seen such carelessness and disrespect before

Please assist - Amro 4842809028

Hello - my name is Amro Elansari - my number is 484 280 9028 - and my closest district is 22nd district so this is where I am supposed to file this according to the Eugene Oregon police where the person I am trying to have these charges filed against is. I already spoke with the police there.

I need to file a police report - for a crime that occurred - a computer crime -

A person - without authorization - went in to two (2) systems of mine - and destroyed property / information on there and disrupted my use of this property -

In violation of Title 18 - Chapter 76 - 7611 and 7612 - 7611.  Unlawful use of computer and other computer crimes. 7612.  Disruption of service.-

These are listed as felonies to the third degree because of the nature of computer crimes -

The person that committed these offenses against me is named -

Shay O. Ramirez - he resides in Eugene Oregon - I don't have a specific address but I know that the police there have records of him and that he is employed in the city there at a crowd management organization -

I filed a report there and they told me to file a report with my local police organization -

Not only has he violated a Pennsylvania statute - but also Oregon Computer Crime statutes as well -

They went on two my two systems and wiped information when they were not supposed to and without authorization - and I have all of the information and proof that they went in and did this -

They were paid for the past 6 months to create and add files one by one - transaction by transaction -

But then at the end they started demanding more and more money - in an attempt to scam me because of how little I know about computers - and when I told them I was not going to keep working with them - they went on and destroyed the files / property that was already paid for - which is a crime under the computer law -

No matter what - there was no reason or authorization for the person to go on and delete all of the files and put up curse words on the websites instead - and then threaten to sell my information to hackers - all of this evidence is attached to this email as evidence / exhibits -

This person violated the Pennsylvania Statute and I need to file a local report in order for the police in Oregon to be able to take action against this person -

And the crime is in progress because my website is still hijacked with curse words on it - which means I really need to take action on this.

I was wondering if you could file a report for me against this person - the crime is a third degree felony so it should carry to Oregon if filed -

Thank you. Amro - 484 280 9028

Good morning,

To file a report you can call 911 and request an officer come to your residence or you can make a report at the 22nd District which is located at 1747 N. 17$^{th}$Street.  You can also make this report at any police facility in the city of Philadelphia.

Todd A. Landherr
Lieutenant #138
Philadelphia Police Department

I have a complaint to file against the 22nd District

I messaged you last week about a lawsuit for a computer crime that took place against me (§7611 and §7612) taken against me by a person named Shay O. Ramirez in Eugene Oregon.

I told you the Eugene Oregon police told me to file a police report with my local department - then fax it to them - so they can pursue this person

You told me to file this in person - I filed it in person on December 31, 2019

I called when the case number was assigned - Officer Joe Sopizio told me is was getting sent to detectives

I called detectives - they said they didn't receive it -

I called Officer Joe - he said he's sending it again -

I called Detectives - they said they received it but to call again before 4 pm.

I called Detectives - they said they haven't received the paperwork - call 22nd District

I called and spoke with an officer - who forwarded me to Officer White - who told me "its a private criminal complain"- EVEN THOUGH THE STATUTE IS CLEAR AND THE EUGENE POLICE ARE ON STAND BY FOR THIS REPORT

At this point - I don't know what kind of games you are playing with my matter - but I do not appreciate the lack of respect given to me and this serious matter for me where 2 felonies have taken place against my website in violation of Pennsylvania Law 7611 and 7612

If this does not become fixed - I will file a lawsuit in the U.S. Federal Court against the Department and the Officers in their individual capacity for a tort known as Failure to Protect -

I don't want to do this - just file my case and send it to Eugene so my website business can be fixed - I would rather not fight amongst our own -

But the actions - lack of attention - and lack of respect your officers are giving to my matter is very poor and I have no other choice -

This is my final demand or else I will commence federal litigation against all Philly Police Officers / Departments linked to this case.

Please help me instead of making it harder on me - just because it's a computer crime does not mean I am not entitled to protection -

The statute lists the crimes that took place against me as Third Degree Felonies - they are serious because they are related to my private and personal information - and that is still at risk through this very moment because my website remains disrupted / damaged without authorization in violation of the statue -

Good morning,

I looked into your matter and noticed that you filed the police report at the 6th District and not at the 22nd District. Based on your allegations that the gentlemen you hired "hijacked" or stole your website as well as the photo below in the amount of $10 this is a theft under $2,000, which as P/O White informed you qualifies as a private criminal complaint.

The Philadelphia District Attorney's Office Private Criminal Complaint Unit is located at

1425 Arch Street, 4th Floor

Philadelphia, PA 19102

(215) 686-9881

(Open 9 a.m. to 5 p.m.)

https://www.phila.gov/districtattorney/aboutus/divisions/Pages/GunTrafficking.aspx

Pennsylvania law permits individuals to file criminal complaints against another individual. The Private Criminal Complaint Unit (PCC) reviews complaints involving misdemeanor offenses such as: Simple Assault, Terroristic Threats, Bad Checks, Vandalism, Criminal Mischief, and Theft under $2000.


If you'd like to obtain a copy of your police report here are the instructions from the Philadelphia Police website

https://www.phila.gov/records/PoliceFire/Reports.html
**Police Incident or Offense Reports**
Apply in person at the Police Records Unit or by mail.

- Download form number 82-47.
- Fee is $25.00 (non-refundable).
- Allow 15 days for report.


Todd A. Landherr
Lieutenant #138
Philadelphia Police Department

<u>VERIFICATION</u>

I, _Amro Elcasci_____, Plaintiff/Defendant, verify that the facts set forth in the foregoing are true and correct to the best of my information, knowledge and belief.

I understand that the statements contained herein are subject to the Penalties of 18 Pa.C.S.A., Section 4904 relating to unsworn falsification to authorities.

_Amro Elcasci_
(Print Name)

_____
(Signature)

Date: 1/17/2020