IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMRO ELANSARI, | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : NO.   2:20-cv-00896-JHS |
| | : |
| SHAY O. RAMIREZ, ET AL., , | : JURY TRIAL DEMANDED |
| | : |
| Defendants. | : |

**CITY DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION TO TRANSFER VENUE[1]**

COME NOW Defendants, Philadelphia Police Captain Nashid Akil, Philadelphia Police Lieutenant Todd Landherr, and Philadelphia Police Officers Jamie White and Joseph Sulpizio (sometimes hereinafter referred to as "City Defendants"), by and through their attorney, Matthew Kevin Hubbard, Senior Attorney, and respond to Plaintiff's Motion to Transfer Venue as follows:

1. ADMITTED that the undersigned and Plaintiff *pro se* had a Rule 26(f) telephone conference on August 26, 2020.

2. DENIED.  The undesigned has never agreed that there may be liability against the City Defendants or that injunctive relief may be available in this case.  As required by Rule 26(f), the undersigned and the plaintiff discussed the plaintiff's claims.  During that discussion, the undersigned asked the plaintiff what relief he was seeking, and the plaintiff said that he wanted the police report against Shay Ramirez faxed to the Eugene, Oregon Police Department.  The undersigned said he would discuss this with his client, with a view towards resolving the case. Thereafter the report, indeed, was faxed by LT Landherr to the Eugene, Oregon Police Deparment.

---

[1] The City Defendants file this response in a form consistent with, and responsive to, the form of the motion filed by Plaintiff.  The City Defendants will file a brief if the Court deems it necessary.

It appears from this motion that Plaintiff is not sure that he wants to voluntarily withdraw his federal claims with prejudice. So long as Plaintiff does not agree to a dismissal of his federal claims with prejudice, the City Defendants will oppose remand of this case to state court.[2]

3. ADMITTED that the City Defendants removed this case to federal court because Plaintiff has pled federal claims. The remainder of this paragraph is DENIED.

4. DENIED. The statements and conclusions in this paragraph are impertinent to the motion before the Court.

5. DENIED as impertinent to the motion before the Court.

6. DENIED as a conclusion of law.

7. DENIED. The statements and conclusions in this paragraph are impertinent to the motion before the Court.

8. DENIED. Statements in this paragraph are inaccurate or impertinent to the motion before the Court. In a prior civil rights action, the Court ruled that Plaintiff's § 1983 claims against other law enforcement defendants based on same or similar facts and issues are legally frivolous. That being the case, the Court here should dismiss Plaintiff's Complaint *sua sponte* because, although the law enforcement defendants in this case are different from those in the prior action, the underlying facts and issues in the prior action are nearly identical to those raised in this action. On January 6, 2020, Judge Kearney dismissed Plaintiff's federal claims against the West Goshen Township Police Department and two of its officers with prejudice as legally frivolous claims. Cf.

---

[2] It appears from the body of Plaintiff's motion that he actually seeks remand to the court from which this case was removed, not transfer of venue. This case was removed from state court because this Court has jurisdiction over Plaintiff's federal claims. If Plaintiff voluntarily withdraws his federal claims with prejudice, the City Defendants will not oppose remand of the remaining state law claims to the First Judicial District of Pennsylvania – Civil Trial Division (from where the case was removed).

Exhibit A, Plaintiff's Complaint in *Amro Elansari v. Shay O. Ramirez*, E.D. Pa. Civ. A. No. 2:19-cv-06918-MAK ("*Ramirez I*") with Exhibit B, Plaintiff's Complaint in this matter ("*Ramirez II*"); and see Exhibit C, Order in *Ramirez I*, dated January 6, 2020, dismissing Complaint with prejudice as legbally frivolous.³  In *Ramirez I*, Plaintiff alleged that a failed business relationship between Plaintiff and Defendant Ramirez resulted in damage to Plaintiff's website.  He further alleged Ramirez had swindled money from him, and that the West Goshen defendants violated his substantive due process rights when they did not send a police report to the Eugene, Oregon Police Department.⁴  Those same underlying facts and legal theories appear in this action, the only difference being the law enforcement agency and officers being sued.

       9.  DENIED.  If Plaintiff voluntarily withdraws his federal claims with prejudice, the City Defendants will not oppose remand to state court on the remaining state law claims.

      10. DENIED.  This paragraph contains an impertinent misstatement of federal case law and a conclusion of law.

      11. DENIED.  The claim in this paragraph is impertinent to the motion before the Court.

      12. DENIED.  The claim in this paragraph is impertinent to the motion before the Court.

      13. DENIED.  The claim in this paragraph is impertinent to the motion before the Court.

      14. DENIED.  The claim in this paragraph is impertinent to the motion before the Court.

      15. DENIED.  The Court should *sua sponte* disimiss Plaintiff's federal claims in this case with prejudice based on Judge Kearney's Memorandum and Order dated January 6, 2020.  The remaining claim in this paragraph is impertinent to the motion before the Court.

---

³ *Aff'd* 3d Cir. No. 20-1079 (Aug. 19, 2020 Judgment).
⁴ See Exhibit D, Judge Kearney's Memorandum Opinion in *Ramirez I*, attached hereto (summary of the underlying facts and issues and Judge Kearney's reason for dismissing the complaint with prejudice as legally frivolous).

16. DENIED as scandalous and impertinent.

17. DENIED as impertinent.

WHEREFORE, the City Defendants request the Court to *sua sponte* dismiss Plaintiff's federal claims in this matter with prejudice; and second, if the federal claims are either dismissed with prejudice by the Court *sua sponte*, or Plaintiff withdraws the federal claims against the City Defendants with prejudice, the City Defendants will not oppose remand to the First Judicial District of Pennsylvania – Civil Trial Divison on the remaining state law claims.

Respectfully submitted:

Date:  October 19, 2020  /s/ *Matthew K. Hubbard*
**MATTHEW KEVIN HUBBARD**
Senior Attorney
Attorney Identification No. 44110
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5391  (Tel)
(215) 683-5397  (Fax)
*matthew.hubbard@phila.gov*
Attorney for City Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI, | : | |
| | : | |
| **Plaintiff,** | : | CIVIL ACTION |
| | : | |
| v. | : | NO.   2:20-cv-00896-JHS |
| | : | |
| SHAY O. RAMIREZ, ET AL., , | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing City Defendants' Response to Plaintiff's Motion to Transfer Venue was electronically filed, and a copy was served on Plaintiff via email this day to:

**amroelansari@gmail.com**

Dated:  October 19, 2020                /s/ *Matthew K. Hubbard*
                                         MATTHEW KEVIN HUBBARD
                                         Senior Attorney