IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| AMRO ELANSARI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SHAY O. RAMIREZ, et al.,<br><br>　　　　　Defendants. | CIVIL ACTION<br>NO. 20-896 |

**OPINION**

**Slomsky, J.**                                                    **February 24, 2021**

## I.   INTRODUCTION

In January 2020, Plaintiff Amro Elansari filed suit in the Philadelphia County Court of Common Pleas against Defendants Shay O. Ramirez ("Defendant Ramirez"), the Philadelphia Police Department ("the Department"), and four police personnel employed by the Department. (See Doc. No. 1 at 13.)  On February 18, 2020, the four police personnel—Captain Nashid Akil, Lieutenant Todd Landherr, and Officers Jamie White and Joseph Sulpizio ("City Defendants")—removed the case to this Court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction under 28 U.S.C. § 1331.  (See id. at 1, 6.)  In their Notice of Removal, they note that the Complaint alleges civil rights claims under 42 U.S.C. § 1983 ("Section 1983") (see id. at 7 ¶ 4), which allows them to remove this case to federal court under federal question jurisdiction.  See 28 U.S.C. §§ 1441(a), 1331.

Plaintiff now moves to remand the case to state court "on the condition that no federal claims are pursued in state court[.]"  (Doc. No. 9 at 3.)  For reasons stated infra, Plaintiff's Motion to Remand will be granted.

## II.    BACKGROUND

In Count 1 of the Complaint, Plaintiff alleges a state law claim of gross negligence against the Department and City Defendants.  (See Doc. No. 1 at 18-19 ¶¶ 11-20.)  In this Count, he claims Defendant Ramirez hacked into and altered his website in violation of Pennsylvania law, which criminalizes both an unlawful use of a computer and an attack on a computer network to disrupt service.  See 18 Pa. Cons. Stat. §§ 7611-12; (Id. at 18-19 ¶¶ 11-16; 15-16 ¶¶ 7-8.)  Specifically, Plaintiff—a "content writer" and owner of the website "420Scape.com"—claims that he paid Defendant Ramirez to assist him in developing an online game for Plaintiff's website.  (Id. at 15 ¶ 7; see also id. at 30.)  Plaintiff further alleges that when he refused Defendant Ramirez's request for more money to complete the job, Defendant Ramirez committed the above-referenced felonious acts under Pennsylvania law by:

> [A]dmittedly and intentionally . . . modif[ying] / alter[ing] / destroy[ing] the functionality / operationality of the website and its contents without authorization / in . . . excess of their authorization . . . [by] wip[ing] the VPS / VPN server hosting the game files and website contents . . . in a willful and intentional attempt to destroy [Plaintiff's] property[.]

(Id. at 16 ¶ 8.)

Based on what Plaintiff alleges is gross negligence committed by the Department and City Defendants in handling his report about Ramirez,[1] he appears to include in Count 1 another claim

---

[1]    Specifically, Plaintiff alleges the following facts to establish gross negligence of the Department and City Defendants: in an email, Captain Akil informed Plaintiff to file an in-person police report regarding Defendant Ramirez's crimes; when Plaintiff initially reported the alleged crimes to the Department's 6th District, an unnamed police officer mislabeled his report as an assault; thereafter, Officer Sulpizio told Plaintiff the case was being sent to the Department's Detectives Unit; when the case was sent to the Detectives Unit, Plaintiff spoke with an unnamed detective who told him that they didn't get paid enough to investigate computer crimes and "to go back to the 22nd District"; and thereafter, Officer White and Lieutenant Landherr informed Plaintiff that he would need to file a complaint with the Private Criminal Complaint Unit of the Philadelphia District Attorney's Office because the reported theft of his website by Defendant Ramirez was under $2,000.  (Doc. No. 1 at 16-17 ¶ 9; see also id. at 29-33.)

against the Department and City Defendants, which is a state-created danger claim under Section 1983 for failing to protect him from Defendant Ramirez's acts, resulting in damage to Plaintiff's website.  (See id. at 18-19 ¶¶ 11-20; 16-18 ¶¶ 9-10.)

In Count 2, Plaintiff alleges a substantive due process claim based on a state-created danger theory arising from the Department and City Defendants' failure to protect him against Defendant Ramirez's acts.  (See id. at 19-20 ¶¶ 21-26.)  This claim also falls within the scope of Section 1983. Because Plaintiff styled the claim appearing in Count 1 in part as a civil rights claim under Section 1983, and the claim appearing in Count 2 in its entirety as a civil rights claim under Section 1983, City Defendants removed the case to this Court.  (See id. at 7 ¶ 4.)

On August 27, 2020, Plaintiff filed a Motion to Remand ("Motion to Transfer Venue") in which he asks the Court to "transfer," i.e., remand, the instant case "back to state [c]ourt" so that he may pursue only the state tort claims against Defendants.  (Doc. No. 9 ¶ 9; see also id. ¶¶ 6-15; id. at 3.)  Although he believes he could prevail on his alleged federal claims in state court (see id. ¶ 12), Plaintiff states in the Motion that he is willing to "abandon" them "[a]t this point" (id. ¶ 15) because Defendants "oppose remand" unless Plaintiff agrees to dismiss his federal claims with prejudice.  (Doc. No. 11 ¶ 2.)  Accordingly, Plaintiff asks the Court to remand the case "on the condition that no federal claims are pursued in state court[.]"  (Doc. No. 9 at 3.)

On October 19, 2020, City Defendants filed a Response in Opposition to Plaintiff's Motion (Doc. No. 11).  They correctly point out that "from the body of [the] [M]otion[,]" it appears Plaintiff "actually seeks remand to the court from which this case was removed, not transfer of venue."  (Id. ¶ 2 n.2.)  In their Response, City Defendants make clear that they "oppose remand of this case to state court" unless Plaintiff "voluntarily withdraws his federal claims with prejudice[.]"

(Id. ¶ 2 & n.2.)  If Plaintiff does so, City Defendants will agree to a "remand of the remaining state law claims[.]"  (Id. ¶ 2 n.2.)

## III.   ANALYSIS

### A.   Remand is Appropriate Where the Federal Claims are Withdrawn

When federal claims asserted in a complaint are withdrawn by a plaintiff, remand to state court is appropriate even though a defendant removed the "civil action brought in a State court of which the district courts of the United States have original jurisdiction" to federal court, 28 U.S.C. § 1441(a), and the federal court has original jurisdiction, see 28 U.S.C. § 1331.  In a situation where a plaintiff withdraws his federal claims and agrees only to pursue state law claims, the federal court may not have subject matter jurisdiction over the action and the case may be remanded to state court.  This set of circumstances occurred in Walker v. Pennsylvania State University, No. 4:18-CV-01588, 2018 WL 6079545 (M.D. Pa. Nov. 21, 2018), where the court remanded the case to state court.  See id. at *2.

In Walker, the plaintiff filed a one-count complaint in state court alleging that the defendant engaged in unlawful age discrimination, in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955(a), as well as the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1).  See id. at *1.  Because a federal claim was alleged in the complaint's sole count, the defendant removed the case to federal court.  See id.  Thereafter, the plaintiff filed a motion to remand in which she asserted that she "intend[ed] to allege only the PHRA claim, which arises exclusively under state law."  Id.  The defendant opposed remand, arguing that the complaint alleged a separate ADEA claim and "seek[ing] dismissal of that federal claim with prejudice prior to remand."  Id. at *1 n.13.  The plaintiff recognized that "the wording of her complaint caused confusion" and agreed that upon remand, she would file an amended complaint in state court

excluding any mention of the ADEA.  Id. at *1.  So long as the complaint did not contain a federal claim, the defendant "agree[d] that remand to state court [would be] appropriate[.]"  Id.

Based on the plaintiff's assertions that she intended exclusively to pursue the state law claim, the court construed the complaint "as to only allege a state law PHRA claim."  Id. at *1; see also id. at *1 n.13.  The court noted that "by construing her complaint as pleading only one state law claim, there [was] no federal claim to dismiss."  Id.  Because the plaintiff sought "relief exclusively under state law," the court remanded the case to state court.  Id. at *1.[2]

**B.      Plaintiff's State Tort Claims May Be Pursued in State Court on Remand**

In Count 1 of the Complaint, Plaintiff alleges a state law claim of gross negligence against the Department and City Defendants in connection with their handling of Defendant Ramirez's alleged crimes.  (See Doc. No. 1 at 18-19 ¶¶ 11-20.)  In his Motion to Remand, Plaintiff states that he wants to amend Count 1 to add a state law claim of negligent misrepresentation.  (See Doc. No. 9 ¶¶ 1, 14.)  Both of these claims are state law claims that may be pursued in state court on remand.

**C.      State-Created Danger Claims Under Section 1983 Similar to the
Section 1983 Claims Alleged in Counts 1 and 2 Have Been Held
by the Third Circuit to Be Without Merit**

As noted earlier, in Counts 1 and 2 of the Complaint Plaintiff alleged that his due process rights were violated based on a state-created danger theory.  (See Doc. No. 1 at 18-20 ¶¶ 11-26; see also id. at 13-14 ¶ 1; 16-18 ¶¶ 9-10.)  He originally alleged that this claim may be brought under Section 1983 but will withdraw this claim in both counts.  (See Doc. No. 9 at 3.)  Even

---

[2]   Although the court did not explicitly state that it was dismissing the plaintiff's federal claims, it did cite Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988) as standing for the proposition "that once claims giving rise to federal jurisdiction have been dismissed, a district court has discretion to remand an action to state court[.]"  Walker v. Pennsylvania State Univ., No. 4:18-CV-01588, 2018 WL 6079545, at *1 n.14 (M.D. Pa. Nov. 21, 2018).

though Plaintiff will withdraw these claims, similar Section 1983 claims were held to be without merit in another case decided by the Third Circuit Court of Appeals.

"In order to establish a [Section] 1983 claim, a plaintiff 'must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under the color of state law.'" Cahill ex rel. L.C. v. Live Nation, 512 F. App'x 227, 230 (3d Cir. 2013) (third alteration in original) (citation omitted). Accordingly, claims arising under state law, such as gross negligence and negligent misrepresentation, are not federal rights that may be enforced under Section 1983. However, a substantive due process claim using a state-created danger theory may be brought under Section 1983. See generally Johnson v. City of Philadelphia, 975 F.3d 394, 398-400 (3d Cir. 2020).

But Plaintiff has already tested this theory in federal court and did not prevail. Recently, the Third Circuit affirmed the dismissal of a nearly identical state-created danger claim in a separate action filed by Plaintiff. See Elansari v. Ramirez, No. 19-6198, 2020 WL 85967 (E.D. Pa. Jan. 6, 2020), aff'd, 816 F. App'x 630 (3d Cir. 2020) (per curiam). In that case, Plaintiff sued Defendant Ramirez for allegedly committing the same computer crimes that Plaintiff claims Ramirez committed in this case. See Elansari, 816 F. App'x at 631; (Doc. No. 1 at 16 ¶ 8.) Plaintiff also sued the West Goshen Police Department and certain police officers under Section 1983 on a state-created danger theory, claiming that they "violated [Plaintiff's] due process rights by failing to protect [him] from Ramirez and failing to prosecute Ramirez." Elansari, 816 F. App'x at 631.

In affirming the district court's decision to dismiss Plaintiff's Section 1983 claims as legally frivolous, the Third Circuit stated as follows:

> The District Court properly determined that [Plaintiff's] claims against the West Goshen Police Department and its officers are frivolous because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d

536 (1973).  To the extent that [Plaintiff] claimed that the police department and its officers failed to protect [Plaintiff] from Ramirez, the Due Process Clause generally does not impose upon the state an affirmative duty to protect its citizens from harms caused by private actors.  See DeShaney v. Winnebago [Cnty.] Dep't of Soc. Servs., 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).  And the "state-created danger" exception to that proposition does not apply here, as [Plaintiff] failed to allege any affirmative action by the defendants that rendered [Plaintiff] more vulnerable to the danger posed by Ramirez.  See Bright v. Westmoreland [Cnty.], 443 F.3d 276, 281 (3d Cir. 2006) (explaining that an essential element of a state-created danger claim is that "a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all"); see also Morrow v. Balaski, 719 F.3d 160, 177-78 (3d Cir. 2013) (en banc) (concluding that the plaintiff failed to state a state-created danger claim because a school's inaction and failure to protect a student did not constitute an "affirmative act").

Id. at 631-32.

Although Plaintiff has sued different Defendants in the instant case, his allegations regarding Defendant Ramirez and the treatment he received by the Department and City Defendants are virtually identical and were held to be without merit by the Third Circuit.  See id. at 631; (Doc. No. 1 at 15-18 ¶¶ 7-10.)

### D.   Plaintiff Has Agreed to Withdraw His Section 1983 Claims in Seeking Remand to State Court

Given the holding of the Third Circuit in Elansari, 816 F. App'x at 630, and Plaintiff's desire to have this case remanded to state court, he has agreed to withdraw any federal claim alleged in the Complaint.

Conceding that this case is "a matter of state law" (Doc. No. 12 ¶ 11), Plaintiff now seeks to "abandon" his Section 1983 claims against Defendants and moves for remand "on the condition that no federal claims are pursued in state court[.]"  (Doc. No. 9 at 3; see also id. ¶ 15.)  Thus, like the plaintiff in Walker, Plaintiff makes clear in his Motion that he intends exclusively to pursue state law claims against Defendants if the case is remanded.  (See id. ¶¶ 6-7, 11-15); Walker, 2018 WL 6079545, at *1.  Further, the parties here agree to remand if no federal claims are pursued in

state court.  (<u>See</u> Doc. Nos. 9 at 3; 11 ¶ 2 & n.2.)  The Court will therefore accept Plaintiff's representation that he will not pursue any federal claims against Defendants and will remand the case "on the condition that no federal claims are pursued in state court[.]"  (Doc. No. 9 at 3.)

## IV.   CONCLUSION

Because Plaintiff has agreed that no federal claims will be pursued against Defendants in this case in state court, Plaintiff's Motion to Transfer Venue (Doc. No. 9) will be granted.  An appropriate Order follows.